UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA RINGGOLD, ESQ. as named Trustee of the Aubry Family Trust and named Executor under the will of Robert Aubry on behalf of the trust and estate and all similarly situated entities and/or persons; et al.;<br><br>        Plaintiffs,<br><br>   v.<br><br>JERRY BROWN in his Individual and Official Capacity as Governor of the State of California and in his Individual and Official Capacity as Former Attorney General of the State of California; et al.;<br><br>        Defendants. | No.  2:12-CV-00717-JAM-JFM<br><br><br>**ORDER DISMISSING CASE FOR LACK OF JURISDICTION** |

Plaintiffs in this matter are Nina Ringgold, Esq., Justin Ringgold-Lockhart, and the Law Offices of Nina Ringgold and all current clients thereof (the "Law Office Clients").  Defendants are California Governor Jerry Brown, California Attorney General Kamala Harris, and California State Auditor Elaine Howle.  The

1

1   current matters pending before the Court are Plaintiffs' Amended

2   Motion for Preliminary Injunction (Doc. # 32, errata at Doc. #

3   34); Defendants Brown and Harris's Motion to Dismiss (Doc. # 13)

4   and their Motion for Sanctions (Doc. # 17); and Defendant Howle's

5   Motion to Dismiss (Doc. # 42).[1]  In support of their motions,

6   each party filed separate Requests for Judicial Notice (Doc. ##

7   14, 42-2, 45).  Each substantive motion is fully briefed with

8   Plaintiffs also opposing and seeking to strike both of

9   Defendants' Requests for Judicial Notice (Doc. # 45).  Plaintiffs

10  also filed a subsequent Motion for Accommodation (Doc. # 61),

11  which is discussed below.

12

13                   I.   BACKGROUND

14       This matter arises from Plaintiff's dissatisfaction with the

15  administration of the state courts of California and with several

16  orders related to a revocable trust issued by the California

17  Probate Court.  In order to challenge adverse outcomes in the

18  state courts, Plaintiffs bring the present litigation in federal

19  court claiming violation of their constitutional rights, the

20  American with Disabilities Act, and the California Constitution

21  among other causes of action.  In total, Plaintiffs allege 20

22  causes of action in their First Amended Complaint ("FAC") (Doc. #

23  5).

24       The gist of Plaintiffs' theory is that all California

25  Superior Court judges operating in Los Angeles County resigned

26

27  [1] The motions were determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing for all
28  motions was originally scheduled for January 9, 2013.

2

1   their positions by accepting employment benefits from the County

2   of Los Angeles prior to a state court decision eliminating the

3   practice.  See Sturgeon v. Cnty. of L.A., 84 Cal. Rptr. 3d 242

4   (Ct. App. 2008).  Accordingly, Plaintiffs take the position that

5   all state court decisions adverse to Plaintiffs, and presumably

6   anyone at all, prior to the Sturgeon decision are void, including

7   those related to the aforementioned revocable trust.  This is not

8   the first time that Plaintiffs' existential challenge to the

9   state judicial system has been raised in federal court.

10      Prior to the present lawsuit, Plaintiffs Ringgold and

11   Ringgold Lockhart litigated the validity of state court decisions

12   related to the revocable trust in state court.  They were each

13   declared vexatious litigants pursuant to California Code of Civil

14   Procedure § 391, et seq., by California trial and appellate

15   courts.  Failing in state court, Plaintiffs turned to federal

16   court where they were also declared vexatious litigants.

17   Ringgold-Lockhart v. Cnty. of L.A., No. 11-1725-R, Doc. # 122

18   (C.D. Cal. Dec. 6, 2011) (the "December 6, 2011 Order").  In the

19   federal case in the Central District of California, District

20   Court Judge Real enjoined Plaintiffs Ringgold-Lockhart and

21   Ringgold from filing any action related to the Aubry Revocable

22   Family Trust ("Aubry Trust") or the administration of state

23   courts without first obtaining permission from Judge Real.  Id.

24   at 7.

25

26

27

28

1                              II.   OPINION

2          A.   Requests for Judicial Notice

3               1.   Defendants' Motions

4          Defendants ask the Court to take judicial notice of

5    documents filed in prior litigation involving Plaintiffs Ringgold

6    and Ringgold-Lockhart (Doc. ## 14, 16-2).  Plaintiffs oppose the

7    request on the grounds that the documents are incomplete and they

8    contain inadmissible hearsay.

9          Generally, a court may not consider material beyond the

10   pleadings in ruling on a motion to dismiss.  The exceptions are

11   material attached to or relied on by the complaint so long as

12   authenticity is not disputed, or matters of public record

13   provided that they are not subject to reasonable dispute.  E.g.,

14   Sherman v. Stryker Corp., 2009 WL 2241664 at *2 (C.D. Cal. Mar.

15   30, 2009) (citing Lee v. City of Los Angeles, 250 F.3d 668, 688

16   (9th Cir. 2001) and Fed. R. Evid. 201).

17         In this case, the items provided by Defendants were all

18   filed in prior litigations, making them the proper subject of

19   judicial notice.  Plaintiffs are correct that the Court may not

20   consider filings made by parties in other lawsuits for the truth

21   of the matter asserted in them, but that limitation does not

22   extend to orders issued by other federal courts.

23               2.   Plaintiffs' Motion

24         Plaintiffs seek judicial notice of a series of documents

25   filed in previous litigation.  As discussed with respect to

26   Defendants' motions, the Court may take judicial notice of such

27   documents, but not the truth of the matter asserted in them.

28   This limitation does not extend to orders issued by other Courts.

                                   4

1  Plaintiffs also seek judicial notice of news articles, but the
2  articles are inadmissible hearsay and will not be considered.
3  Accordingly, Plaintiffs' motion is granted in part and denied in
4  part.

5          B.    Subject Matter Jurisdiction

6               1.   Legal Standard

7       Dismissal is appropriate under Rule 12(b)(1) when the
8  District Court lacks subject matter jurisdiction over the claim.
9  Fed. R. Civ. P. 12(b)(1).  When a defendant brings a motion to
10 dismiss for lack of subject matter jurisdiction pursuant to Rule
11 12(b)(1), the plaintiff has the burden of establishing subject
12 matter jurisdiction.  Rattlesnake Coal. v. U.S. E.P.A., 509 F.3d
13 1095, 1102, n.1 (9th Cir. 2007) ("Once challenged, the party
14 asserting subject matter jurisdiction has the burden of proving
15 its existence.").

16      There are two permissible jurisdictional attacks under Rule
17 12(b)(1): a facial attack, where the court's inquiry is limited
18 to the allegations in the complaint; or a factual attack, which
19 permits the court to look beyond the complaint at affidavits or
20 other evidence.  Savage v. Glendale Union High Sch., 343 F.3d
21 1036, 1039 n.2 (9th Cir. 2003).  "In a facial attack, the
22 challenger asserts that the allegations contained in a complaint
23 are insufficient on their face to invoke federal jurisdiction,
24 whereas in a factual attack, the challenger disputes the truth of
25 the allegations that, by themselves, would otherwise invoke
26 federal jurisdiction."  Li v. Chertoff, 482 F.Supp.2d 1172, 1175
27 (S.D. Cal. 2007) (internal citations omitted).

28      If the moving party asserts a facial challenge, the court

                              5

1    must assume that the factual allegations asserted in the

2    complaint are true and construe those allegations in the light

3    most favorable to the plaintiff.  Id. at 1175 (citing Warren v.

4    Fox Family Worldwide, Inc., 328 F. 3d 1136, 1139 (9th Cir.

5    2003)).  If the moving party asserts a factual attack, a court

6    may resolve the factual disputes by "look[ing] beyond the

7    complaint to matters of public record, without having to convert

8    the motion into one for summary judgment, and a court "need not

9    presume the truthfulness of the plaintiff's allegations." White

10   v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

11              2.  Discussion

12        Defendants in this action seek dismissal of Plaintiffs'

13   claims pursuant to Federal Rule of Civil Procedure 12(b)(1) on

14   the grounds that Plaintiffs did not seek and receive pre-filing

15   approval from Judge Real in violation of the December 6, 2011

16   Order.  Defendants argue that Judge Real's order is in actuality

17   an injunction and this Court does not have jurisdiction to hear a

18   challenge to that injunction nor the power to ignore it.

19        Plaintiffs respond that Defendants' argument is frivolous.

20   Plaintiffs contend that the December 6, 2011 Order only bars

21   actions brought by Plaintiff Ringgold in propia persona, but not

22   in her capacity as an attorney, and that the present action is

23   brought by Plaintiff Ringgold only in her capacity as an

24   attorney.  In reply, Defendants point out that the FAC

25   unambiguously seeks personal relief for Plaintiff Ringgold, and

26   the pre-filing order also applies to Plaintiff Ringgold-Lockhart,

27   who is named as a plaintiff in this matter.  Defendants argue

28   that Plaintiff Ringgold included the clients of her law office in

                                  6

1  this action in order to circumvent the December 6, 2011 Order,

2  but that merely including additional parties does not give the

3  Court subject matter jurisdiction in light of the vexatious

4  litigant order.

5       District Courts have the inherent power to restrain the

6  filings of vexatious litigants through a pre-filing order.

7  Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1197 (9th Cir.

8  1999).  "Such pre-filing orders may enjoin the litigant from

9  filing further actions or papers unless he or she first meets

10  certain requirements, such as obtaining leave of the court or

11  filing declarations that support the merits of the case."  Id.

12  Appellate jurisdiction over Federal District Court decisions

13  rests with the United States Courts of Appeals.  28 U.S.C.

14  § 1291.

15       It is clear that Plaintiffs' FAC violates the letter and

16  spirit of the December 6, 2011 Order.  Plaintiffs' argument that

17  Plaintiff Ringgold appears only in a representative capacity is

18  at best disingenuous.  The FAC clearly seeks personal relief for

19  Plaintiff Ringgold related to the Aubry Trust and property of the

20  trust.[2]  Plaintiff Ringgold's argument that she is named only in

21  a representative capacity for the Aubry Trust fails because she

22  was removed as trustee by the California Probate Court.

23  Additionally, the December 6, 2011 Order also applies to

24  Plaintiff Ringgold-Lockhart, and he is clearly participating in

25  this lawsuit in his personal capacity.  Finally, the December 6,

26  2011 order also enjoins both Plaintiffs Ringgold and Ringgold-

27

28  [2] See FAC ¶¶ 5-6, 44, 144(a), 144(e), 145(b), 220, 235.

1  Lockhart from filing actions challenging the administration of

2  state courts.  The FAC is, overall, such a challenge and it

3  violates the December 6, 2011 Order for this reason as well.

4  Accordingly, this Court lacks jurisdiction to hear Plaintiff

5  Ringgold and Ringgold-Lockharts' claims because Plaintiffs failed

6  to obtain pre-filing authorization under the December 6, 2011

7  Order, and jurisdiction to review that order rests only in the

8  United States Courts of Appeals.

9      Also included in this litigation are all of the clients of

10 Plaintiff Ringgold's law office.  After reviewing the FAC in

11 detail, the Court is unable to determine how the claims brought

12 on behalf of Plaintiff Ringgold's law office meaningfully differ

13 from those asserted on behalf of Plaintiffs Ringgold and

14 Ringgold-Lockhart.  As Defendants meritoriously argue, the

15 inclusion of Plaintiff Ringgold's clients as additional

16 plaintiffs appears to be an attempt to avoid the consequences of

17 the December 6, 2011 Order.  For instance, in paragraph 235 of

18 the FAC, Plaintiffs allege that all plaintiffs "owned or had a

19 right to possession of property of the [Aubry] trust."  The fact

20 that Plaintiffs fail to distinguish between the claims related to

21 the trust and the claims generally challenging the administration

22 of the state courts indicates that the true purpose of this

23 litigation relates to Plaintiffs Ringgold and Ringgold-Lockhart's

24 rejected claims to the Aubry Trust.  As a result, Plaintiffs

25 Ringgold and Ringgold-Lockhart's claims are indistinguishable

26 from the Law Office Client claims.  Dismissing one without the

27 other would make the FAC nonsensical because significant portions

28 of the FAC request relief specific to the Aubry Trust, but there

8

1   is no allegation that the Law Office Clients have any cognizable

2   interest in the trust.

3       Accordingly, once Plaintiffs Ringgold and Ringgold-

4   Lockhart's claims are dismissed, the Law Office Clients' claims

5   must also be dismissed.  Any other result would require the Court

6   to rewrite substantial portions of the FAC and the prayer for

7   relief, but stating a valid claim and the relief sought is

8   Plaintiffs' burden.  Fed. R. Civ. P. 8(a)(2)-(3).

9       C.   Motions to Dismiss

10      Based on the Court's holding that it lacks subject matter

11  jurisdiction over the present action, Defendants' motions to

12  dismiss Plaintiffs claims on other grounds are denied as moot.

13      D.   Motion for Sanctions

14      Defendants Harris and Brown contend that sanctions pursuant

15  to Federal Rule of Civil Procedure 11 are appropriate.  They

16  argue that Plaintiffs Ringgold and Ringgold-Lockhart violated the

17  December 6, 2011 Order by filing this action and that Nina

18  Ringgold in her capacity as Plaintiffs' Counsel violated her duty

19  under Rule 11 by filing this action.  Defendants Harris and Brown

20  seek an award of sanctions in the amount of $10,030 to reimburse

21  their attorney's fees and an award of $10,000 to the Eastern

22  District of California to deter further baseless filings by

23  Plaintiffs.  Plaintiffs respond by arguing that the December 6,

24  2011 Order does not apply to this litigation for the same reasons

25  previously discussed in this order.

26      Even though a court may lack subject matter jurisdiction

27  over a complaint, it may still impose Rule 11 sanctions where

28  such sanctions are warranted because the imposition of sanctions

is a collateral matter that does not go to the merits of the underlying claim.  Willy v. Coastal Corp., 503 U.S. 131, 137-38 (1992).  Rule 11 requires that pleadings and motions contain allegations and factual contentions which "have evidentiary support," and the claims and other legal contentions must be "warranted by existing law or by a nonfrivolous argument."  Fed. R. Civ. P. 11(b)(2)-(3).  Additionally, Rule 11 prohibits filings made "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. . . ."  Fed. R. Civ. P. 11(b)(1).  When, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it."  Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotations and citation omitted).  The word "frivolous" is used "to denote a filing that is both baseless and made without a reasonable and competent inquiry."  In re Keegan Management Co., Securities Litigation, 78 F.3d 431, 434 (9th Cir. 1996).  Rule 11 requires that the party moving for sanctions notice the motion and give the other party at least 21 days to withdraw the pleading at issue.  Fed. R. Civ. P. 11(c)(2).

    Defendants Brown and Harris notified Plaintiffs on July 20, 2012 that they would seek Rule 11 sanctions.  The motion itself was filed on August 17, 2012 and originally noticed for hearing on September 19, 2012.  Accordingly, Defendants complied with Rule 11's notice procedures.

1    In the present matter, it is apparent that Rule 11 Sanctions

2   are warranted.  Plaintiffs Ringgold and Ringgold-Lockhart do not

3   dispute that they were aware of the December 6, 2011 Order.

4   Instead, they argue that the order does not bar the present

5   action.  For the reasons already discussed, the Court disagrees.

6   This lawsuit clearly seeks relief on behalf of Plaintiff Ringgold

7   and Ringgold-Lockhart, who are subject to the December 6, 2011

8   Order.  Any contrary argument contradicts the plain terms of the

9   FAC, the filing of which clearly violates the December 6, 2011

10  order.  Because the filing of the FAC was barred by the December

11  6, 2011 Order, it had no chance of success and choosing to file

12  it was plainly frivolous.  Additionally, filing a pleading in

13  violation of a direct order not to do so allows this Court to

14  infer that the filing was made for an improper purpose, i.e., to

15  circumvent the vexatious litigant order issued in the Central

16  District of California.  See Townsend v. Holman Consulting Corp.,

17  929 F.2d 1358, 1365 (9th Cir. 1990) (holding that courts may be

18  able to infer an improper purpose based on the frivolousness of a

19  filing).  Accordingly, Defendants Brown and Harris's Motion for

20  Sanctions is granted.

21    In support of their motion for sanctions, Defendants Brown

22  and Harris request an award of sanctions in the amount of their

23  attorney's fees related to this action and the Rule 11 motion.

24  After reviewing the affidavits submitted in support of the Rule

25  11 motion, the Court finds that the requested hourly rate of $170

26  is reasonable.  Additionally, the Court finds the 56 hours worked

27  by Defendants' counsel on these matters to be reasonable.

28  Defendants are not entitled to an award for three hours spent

1  attending a hearing on this matter because no hearing was held.

2  Defendants are therefore entitled to an award in the amount of

3  $9,520.

4      E.   Motion for Accommodation

5      The final motion pending before the Court is a motion made

6  by Plaintiffs' counsel for an accommodation due to her physical

7  disability.  Plaintiff asks the Court to consider late-filed

8  documents citing her physical disability and her currently heavy

9  work load related to other litigation.  Defendants have not

10  responded to this motion.

11      The Court reviewed Plaintiffs' late-filed documents and

12  determined that considering them for purposes of this order will

13  not prejudice Defendants.  The merits of Plaintiffs' claims were

14  never reached due to the Court's lack of subject matter

15  jurisdiction, making any possible advantage gained by Plaintiffs'

16  late filings moot.  Since the Court reviewed and considered the

17  late-filed documents, Plaintiffs' motion for accommodation is

18  denied as moot.

19                          III. ORDER

20      **Motion to Dismiss.**  Defendants Brown, Harris, and Howle's

21  Motions to Dismiss are GRANTED because the Court lacks subject

22  matter jurisdiction over this action.  The dismissal is without

23  prejudice because the Court has not reached the underlying merits

24  of this litigation.  Leave to amend is denied with respect to

25  Plaintiffs Ringgold and Ringgold-Lockhart unless they seek and

26  receive pre-filing approval from Judge Real of the Central

27  District of California.  If such approval is obtained, Plaintiffs

28  Ringgold and Ringgold-Lockhart may then move this Court for leave

1  to file another complaint.  Since the pre-filing requirement does
2  not apply to the Law Office Client Plaintiffs, they may file an
3  amended Complaint within 21 days.  Any amended filing must avoid
4  claims related to the Aubry Trust or any other claim that seeks
5  relief on behalf of Plaintiffs Ringgold and Ringgold-Lockhart.
6  Counsel for the Law Office Clients is cautioned to carefully
7  consider whether any such filing comports with Rule 11 prior to
8  filing it and certifying it with her signature.  If they do not
9  wish to file an amended pleading, Plaintiffs should file a notice
10 of dismissal.
11     **Motion for Rule 11 Sanctions**.  Plaintiffs Ringgold and
12 Ringgold-Lockhart are hereby ordered to pay or make arrangements
13 to pay, jointly and severally, sanctions in the total amount of
14 $9,520.00 to the Office of the Attorney General of California
15 within 21 days.
16     IT IS SO ORDERED.
17 Dated: January 22, 2013
18                                    JOHN A. MENDEZ,
                                      UNITED STATES DISTRICT JUDGE
19
20
21
22
23
24
25
26
27
28