UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA RINGGOLD, ESQ. as named Trustee of the Aubry Family Trust and named Executor under the will of Robert Aubry on behalf of the trust and estate and all similarly situated entities and/or persons; et al.;<br><br>Plaintiffs,<br><br>v.<br><br>JERRY BROWN in his Individual and Official Capacity as Governor of the State of California and in his Individual and Official Capacity as Former Attorney General of the State of California; et al.;<br><br>Defendants. | No.   2:12-CV-00717-JAM-JFM<br><br>**ORDER DISMISSING CASE FOR LACK OF JURISDICTION** |

Plaintiffs in this matter are Nina Ringgold, Esq., Justin Ringgold-Lockhart, and the Law Offices of Nina Ringgold and all current clients thereof (the "Law Office Clients"). Defendants are California Governor Jerry Brown, California Attorney General Kamala Harris, and California State Auditor Elaine Howle. The

1

1  current matters pending before the Court are Plaintiffs' Amended
2  Motion for Preliminary Injunction (Doc. # 32, errata at Doc. #
3  34); Defendants Brown and Harris's Motion to Dismiss (Doc. # 13)
4  and their Motion for Sanctions (Doc. # 17); and Defendant Howle's
5  Motion to Dismiss (Doc. # 42).[1]  In support of their motions,
6  each party filed separate Requests for Judicial Notice (Doc. ##
7  14, 42-2, 45).  Each substantive motion is fully briefed with
8  Plaintiffs also opposing and seeking to strike both of
9  Defendants' Requests for Judicial Notice (Doc. # 45).  Plaintiffs
10 also filed a subsequent Motion for Accommodation (Doc. # 61),
11 which is discussed below.

I.   BACKGROUND

   This matter arises from Plaintiff's dissatisfaction with the
administration of the state courts of California and with several
orders related to a revocable trust issued by the California
Probate Court.  In order to challenge adverse outcomes in the
state courts, Plaintiffs bring the present litigation in federal
court claiming violation of their constitutional rights, the
American with Disabilities Act, and the California Constitution
among other causes of action.  In total, Plaintiffs allege 20
causes of action in their First Amended Complaint ("FAC") (Doc. #
5).
   The gist of Plaintiffs' theory is that all California
Superior Court judges operating in Los Angeles County resigned

---

[1] The motions were determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing for all motions was originally scheduled for January 9, 2013.

1  their positions by accepting employment benefits from the County
2  of Los Angeles prior to a state court decision eliminating the
3  practice.  See Sturgeon v. Cnty. of L.A., 84 Cal. Rptr. 3d 242
4  (Ct. App. 2008).  Accordingly, Plaintiffs take the position that
5  all state court decisions adverse to Plaintiffs, and presumably
6  anyone at all, prior to the Sturgeon decision are void, including
7  those related to the aforementioned revocable trust.  This is not
8  the first time that Plaintiffs' existential challenge to the
9  state judicial system has been raised in federal court.
10      Prior to the present lawsuit, Plaintiffs Ringgold and
11  Ringgold Lockhart litigated the validity of state court decisions
12  related to the revocable trust in state court.  They were each
13  declared vexatious litigants pursuant to California Code of Civil
14  Procedure § 391, et seq., by California trial and appellate
15  courts.  Failing in state court, Plaintiffs turned to federal
16  court where they were also declared vexatious litigants.
17  Ringgold-Lockhart v. Cnty. of L.A., No. 11-1725-R, Doc. # 122
18  (C.D. Cal. Dec. 6, 2011) (the "December 6, 2011 Order").  In the
19  federal case in the Central District of California, District
20  Court Judge Real enjoined Plaintiffs Ringgold-Lockhart and
21  Ringgold from filing any action related to the Aubry Revocable
22  Family Trust ("Aubry Trust") or the administration of state
23  courts without first obtaining permission from Judge Real.  Id.
24  at 7.

3

II.  OPINION

A. Requests for Judicial Notice

1. Defendants' Motions

Defendants ask the Court to take judicial notice of documents filed in prior litigation involving Plaintiffs Ringgold and Ringgold-Lockhart (Doc. ## 14, 16-2). Plaintiffs oppose the request on the grounds that the documents are incomplete and they contain inadmissible hearsay.

Generally, a court may not consider material beyond the pleadings in ruling on a motion to dismiss. The exceptions are material attached to or relied on by the complaint so long as authenticity is not disputed, or matters of public record provided that they are not subject to reasonable dispute. E.g., Sherman v. Stryker Corp., 2009 WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009) (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid. 201).

In this case, the items provided by Defendants were all filed in prior litigations, making them the proper subject of judicial notice. Plaintiffs are correct that the Court may not consider filings made by parties in other lawsuits for the truth of the matter asserted in them, but that limitation does not extend to orders issued by other federal courts.

2. Plaintiffs' Motion

Plaintiffs seek judicial notice of a series of documents filed in previous litigation. As discussed with respect to Defendants' motions, the Court may take judicial notice of such documents, but not the truth of the matter asserted in them. This limitation does not extend to orders issued by other Courts.

4

Plaintiffs also seek judicial notice of news articles, but the articles are inadmissible hearsay and will not be considered. Accordingly, Plaintiffs' motion is granted in part and denied in part.

### B. Subject Matter Jurisdiction

#### 1. Legal Standard

Dismissal is appropriate under Rule 12(b)(1) when the District Court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). When a defendant brings a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff has the burden of establishing subject matter jurisdiction. Rattlesnake Coal. v. U.S. E.P.A., 509 F.3d 1095, 1102, n.1 (9th Cir. 2007) ("Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence.").

There are two permissible jurisdictional attacks under Rule 12(b)(1): a facial attack, where the court's inquiry is limited to the allegations in the complaint; or a factual attack, which permits the court to look beyond the complaint at affidavits or other evidence. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction, whereas in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Li v. Chertoff, 482 F.Supp.2d 1172, 1175 (S.D. Cal. 2007) (internal citations omitted).

If the moving party asserts a facial challenge, the court

must assume that the factual allegations asserted in the complaint are true and construe those allegations in the light most favorable to the plaintiff. Id. at 1175 (citing Warren v. Fox Family Worldwide, Inc., 328 F. 3d 1136, 1139 (9th Cir. 2003)). If the moving party asserts a factual attack, a court may resolve the factual disputes by "look[ing] beyond the complaint to matters of public record, without having to convert the motion into one for summary judgment, and a court "need not presume the truthfulness of the plaintiff's allegations." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

2.  Discussion

Defendants in this action seek dismissal of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that Plaintiffs did not seek and receive pre-filing approval from Judge Real in violation of the December 6, 2011 Order. Defendants argue that Judge Real's order is in actuality an injunction and this Court does not have jurisdiction to hear a challenge to that injunction nor the power to ignore it.

Plaintiffs respond that Defendants' argument is frivolous. Plaintiffs contend that the December 6, 2011 Order only bars actions brought by Plaintiff Ringgold in propia persona, but not in her capacity as an attorney, and that the present action is brought by Plaintiff Ringgold only in her capacity as an attorney. In reply, Defendants point out that the FAC unambiguously seeks personal relief for Plaintiff Ringgold, and the pre-filing order also applies to Plaintiff Ringgold-Lockhart, who is named as a plaintiff in this matter. Defendants argue that Plaintiff Ringgold included the clients of her law office in

6

this action in order to circumvent the December 6, 2011 Order, but that merely including additional parties does not give the Court subject matter jurisdiction in light of the vexatious litigant order.

District Courts have the inherent power to restrain the filings of vexatious litigants through a pre-filing order. Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1197 (9th Cir. 1999). "Such pre-filing orders may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case." Id. Appellate jurisdiction over Federal District Court decisions rests with the United States Courts of Appeals. 28 U.S.C. § 1291.

It is clear that Plaintiffs' FAC violates the letter and spirit of the December 6, 2011 Order. Plaintiffs' argument that Plaintiff Ringgold appears only in a representative capacity is at best disingenuous. The FAC clearly seeks personal relief for Plaintiff Ringgold related to the Aubry Trust and property of the trust.[2] Plaintiff Ringgold's argument that she is named only in a representative capacity for the Aubry Trust fails because she was removed as trustee by the California Probate Court. Additionally, the December 6, 2011 Order also applies to Plaintiff Ringgold-Lockhart, and he is clearly participating in this lawsuit in his personal capacity. Finally, the December 6, 2011 order also enjoins both Plaintiffs Ringgold and Ringgold-

---

[2] See FAC ¶¶ 5-6, 44, 144(a), 144(e), 145(b), 220, 235.

7

Lockhart from filing actions challenging the administration of state courts.  The FAC is, overall, such a challenge and it violates the December 6, 2011 Order for this reason as well. Accordingly, this Court lacks jurisdiction to hear Plaintiff Ringgold and Ringgold-Lockharts' claims because Plaintiffs failed to obtain pre-filing authorization under the December 6, 2011 Order, and jurisdiction to review that order rests only in the United States Courts of Appeals.

Also included in this litigation are all of the clients of Plaintiff Ringgold's law office.  After reviewing the FAC in detail, the Court is unable to determine how the claims brought on behalf of Plaintiff Ringgold's law office meaningfully differ from those asserted on behalf of Plaintiffs Ringgold and Ringgold-Lockhart.  As Defendants meritoriously argue, the inclusion of Plaintiff Ringgold's clients as additional plaintiffs appears to be an attempt to avoid the consequences of the December 6, 2011 Order.  For instance, in paragraph 235 of the FAC, Plaintiffs allege that all plaintiffs "owned or had a right to possession of property of the [Aubry] trust."  The fact that Plaintiffs fail to distinguish between the claims related to the trust and the claims generally challenging the administration of the state courts indicates that the true purpose of this litigation relates to Plaintiffs Ringgold and Ringgold-Lockhart's rejected claims to the Aubry Trust.  As a result, Plaintiffs Ringgold and Ringgold-Lockhart's claims are indistinguishable from the Law Office Client claims.  Dismissing one without the other would make the FAC nonsensical because significant portions of the FAC request relief specific to the Aubry Trust, but there

is no allegation that the Law Office Clients have any cognizable interest in the trust.

Accordingly, once Plaintiffs Ringgold and Ringgold-Lockhart's claims are dismissed, the Law Office Clients' claims must also be dismissed. Any other result would require the Court to rewrite substantial portions of the FAC and the prayer for relief, but stating a valid claim and the relief sought is Plaintiffs' burden. Fed. R. Civ. P. 8(a)(2)-(3).

### C. Motions to Dismiss

Based on the Court's holding that it lacks subject matter jurisdiction over the present action, Defendants' motions to dismiss Plaintiffs claims on other grounds are denied as moot.

### D. Motion for Sanctions

Defendants Harris and Brown contend that sanctions pursuant to Federal Rule of Civil Procedure 11 are appropriate. They argue that Plaintiffs Ringgold and Ringgold-Lockhart violated the December 6, 2011 Order by filing this action and that Nina Ringgold in her capacity as Plaintiffs' Counsel violated her duty under Rule 11 by filing this action. Defendants Harris and Brown seek an award of sanctions in the amount of $10,030 to reimburse their attorney's fees and an award of $10,000 to the Eastern District of California to deter further baseless filings by Plaintiffs. Plaintiffs respond by arguing that the December 6, 2011 Order does not apply to this litigation for the same reasons previously discussed in this order.

Even though a court may lack subject matter jurisdiction over a complaint, it may still impose Rule 11 sanctions where such sanctions are warranted because the imposition of sanctions

is a collateral matter that does not go to the merits of the underlying claim. <u>Willy v. Coastal Corp.</u>, 503 U.S. 131, 137-38 (1992). Rule 11 requires that pleadings and motions contain allegations and factual contentions which "have evidentiary support," and the claims and other legal contentions must be "warranted by existing law or by a nonfrivolous argument." Fed. R. Civ. P. 11(b)(2)-(3). Additionally, Rule 11 prohibits filings made "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. . . ." Fed. R. Civ. P. 11(b)(1). When, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." <u>Christian v. Mattel, Inc.</u>, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotations and citation omitted). The word "frivolous" is used "to denote a filing that is both baseless and made without a reasonable and competent inquiry." <u>In re Keegan Management Co., Securities Litigation</u>, 78 F.3d 431, 434 (9th Cir. 1996). Rule 11 requires that the party moving for sanctions notice the motion and give the other party at least 21 days to withdraw the pleading at issue. Fed. R. Civ. P. 11(c)(2).

Defendants Brown and Harris notified Plaintiffs on July 20, 2012 that they would seek Rule 11 sanctions. The motion itself was filed on August 17, 2012 and originally noticed for hearing on September 19, 2012. Accordingly, Defendants complied with Rule 11's notice procedures.

In the present matter, it is apparent that Rule 11 Sanctions are warranted. Plaintiffs Ringgold and Ringgold-Lockhart do not dispute that they were aware of the December 6, 2011 Order. Instead, they argue that the order does not bar the present action. For the reasons already discussed, the Court disagrees. This lawsuit clearly seeks relief on behalf of Plaintiff Ringgold and Ringgold-Lockhart, who are subject to the December 6, 2011 Order. Any contrary argument contradicts the plain terms of the FAC, the filing of which clearly violates the December 6, 2011 order. Because the filing of the FAC was barred by the December 6, 2011 Order, it had no chance of success and choosing to file it was plainly frivolous. Additionally, filing a pleading in violation of a direct order not to do so allows this Court to infer that the filing was made for an improper purpose, i.e., to circumvent the vexatious litigant order issued in the Central District of California. See Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1365 (9th Cir. 1990) (holding that courts may be able to infer an improper purpose based on the frivolousness of a filing). Accordingly, Defendants Brown and Harris's Motion for Sanctions is granted.

In support of their motion for sanctions, Defendants Brown and Harris request an award of sanctions in the amount of their attorney's fees related to this action and the Rule 11 motion. After reviewing the affidavits submitted in support of the Rule 11 motion, the Court finds that the requested hourly rate of $170 is reasonable. Additionally, the Court finds the 56 hours worked by Defendants' counsel on these matters to be reasonable. Defendants are not entitled to an award for three hours spent

attending a hearing on this matter because no hearing was held. Defendants are therefore entitled to an award in the amount of $9,520.

### E. Motion for Accommodation

The final motion pending before the Court is a motion made by Plaintiffs' counsel for an accommodation due to her physical disability. Plaintiff asks the Court to consider late-filed documents citing her physical disability and her currently heavy work load related to other litigation. Defendants have not responded to this motion.

The Court reviewed Plaintiffs' late-filed documents and determined that considering them for purposes of this order will not prejudice Defendants. The merits of Plaintiffs' claims were never reached due to the Court's lack of subject matter jurisdiction, making any possible advantage gained by Plaintiffs' late filings moot. Since the Court reviewed and considered the late-filed documents, Plaintiffs' motion for accommodation is denied as moot.

## III. ORDER

**Motion to Dismiss**. Defendants Brown, Harris, and Howle's Motions to Dismiss are GRANTED because the Court lacks subject matter jurisdiction over this action. The dismissal is without prejudice because the Court has not reached the underlying merits of this litigation. Leave to amend is denied with respect to Plaintiffs Ringgold and Ringgold-Lockhart unless they seek and receive pre-filing approval from Judge Real of the Central District of California. If such approval is obtained, Plaintiffs Ringgold and Ringgold-Lockhart may then move this Court for leave

1  to file another complaint.  Since the pre-filing requirement does
2  not apply to the Law Office Client Plaintiffs, they may file an
3  amended Complaint within 21 days.  Any amended filing must avoid
4  claims related to the Aubry Trust or any other claim that seeks
5  relief on behalf of Plaintiffs Ringgold and Ringgold-Lockhart.
6  Counsel for the Law Office Clients is cautioned to carefully
7  consider whether any such filing comports with Rule 11 prior to
8  filing it and certifying it with her signature.  If they do not
9  wish to file an amended pleading, Plaintiffs should file a notice
10 of dismissal.
11     **Motion for Rule 11 Sanctions.**  Plaintiffs Ringgold and
12 Ringgold-Lockhart are hereby ordered to pay or make arrangements
13 to pay, jointly and severally, sanctions in the total amount of
14 $9,520.00 to the Office of the Attorney General of California
15 within 21 days.
16     IT IS SO ORDERED.
17 Dated: January 22, 2013                _____
                                         JOHN A. MENDEZ,
18                                       UNITED STATES DISTRICT JUDGE

13