UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA RINGGOLD, ESQ. as named Trustee of the Aubry Family Trust and named Executor under the will of Robert Aubry on behalf of the trust and estate and all similarly situated entities and/or persons; et al.;<br><br>    Plaintiff,<br><br>    v.<br><br>JERRY BROWN in his Individual and Official Capacity as Governor of the State of California and in his Individual and Official Capacity as Former Attorney General of the State of California; et al.;<br><br>    Defendant. | No.  2:12-CV-00717-JAM-JFM<br><br>**ORDER DENYING PLAINTIFFS MOTION FOR STAY AND RECONSIDERATION; ORDER TO SHOW CAUSE** |

    Presently before the Court is Plaintiffs' Ex Parte Application (Doc. # 67) seeking 1) a stay of the Court's January 23, 2013 Order (Doc. # 65) and a series of state court cases; 2) reconsideration of and an order vacating the Court's January 23,

1

2013 Order; and/or 3) a stay and certification of partial judgment pursuant to Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292. In the body of Plaintiffs' motion, they also seek a ruling on a motion for sanctions, which they claim was included in opposition to Defendants' motion for sanctions (Doc. # 52).

1. Motion for Reconsideration

Plaintiffs move for reconsideration of the Court's January 23, 2013 Order and a stay of numerous state court cases pending the outcome of certiorari petitions to the United States Supreme Court in this action and another action. Since Plaintiffs' proposed order seeks the same relief that was denied in the Court's January 23, 2013 Order, the Court will consider the request for reconsideration and for stay as one motion for reconsideration.

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (quotation omitted).

Plaintiffs' motion fails to meet the motion for reconsideration standard. The motion is a reiteration of the same arguments and theories extensively briefed prior to the Court's order on Plaintiffs' Application for a Temporary Restraining Order and the motions decided in the Court's January 23, 2013 Order. Plaintiffs' reliance on recently decided Noel Canning v. NLRB, Nos. 12-1115, 12-1153, 2013 WL 276024, — F.3d —, 194

L.R.R.M. 3089 (D.C. Cir. Jan. 25, 2013), a case that analyzed the constitutionality of recess appointments made under the federal Constitution, is misplaced because that case has nothing to do with the issues presented in Plaintiffs' suit. The request for reconsideration is therefore DENIED.

   2. Certification of Partial Judgment

   Plaintiffs next seek certification to appeal the Court's January 23, 2013 Order under 29 U.S.C. 1292(b). Certification under 28 U.S.C. § 1292(b) is denied because Judge Real's pre-filing was the primary basis for the Court's January 23, 2013 Order. Judge Real's order can be appealed directly, making 28 U.S.C. § 1292(b) certification in this case unnecessary at this time.

   Plaintiffs also seek entry of partial judgment pursuant to Rule 54(b) on the Court's order entering sanctions against Plaintiffs Ringgold and Ringgold-Lockhart. Plaintiffs seek partial judgment because they claim it is unclear as to whether sanctions were entered in their capacity as parties to this action or non-parties. The Court clearly entered sanctions against Plaintiffs Ringgold and Ringgold-Lockhart in their capacity as parties to this lawsuit. Certification under Rule 54(b) is therefore unnecessary, and this matter will be subject to appeal upon entry of final judgment in this action. Riverhead Sav. Bank v. Nat'l Mortg. Equity Corp., 893 F.2d 1109, 1113 (9th Cir. 1990).

   3. Plaintiffs' Motion for Sanctions

   Plaintiffs request a ruling on their motion for sanctions,

3

which was included in the memorandum filed in opposition to Defendant's motion for sanctions (Doc. # 52). Plaintiffs sought sanctions on the grounds that Defendants' motion was frivolous. The basis for Plaintiffs Motion for Sanctions was rejected when the Court granted Defendants' motion, thereby finding that the motion was not frivolous. Additionally, Plaintiffs never complied with the requirements of Fed. R. Civ. P. 11(c)(2) which are 1) that any Rule 11 motion be made separate from any other motion, and 2) that the parties against whom sanctions are sought be given 21 days to withdraw the offending pleading. Accordingly, Plaintiffs' motion was not properly before the Court. Plaintiffs are denied sanctions for this reason as well.

4. Sanctions

Finally, the present application was filed after Plaintiffs' Counsel Nina R. Ringgold was expressly admonished to carefully consider the propriety of future filings in the Court's January 23, 2013 Order.

A federal district court has the inherent power to sanction attorneys appearing before it. Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001). Sanctions may be imposed "where an attorney knowingly or recklessly raises a frivolous argument . . . ." for an improper purpose. Id. at 993 (quoting Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir.1997)).

The present application for ex parte relief is almost entirely based on theories and arguments that the Court considered and rejected in its January 23, 2013 Order, issued just eight days prior to this application. Accordingly, Ms.

4

Ringgold was aware that another motion based on those theories and arguments would be frivolous. She nevertheless chose to file the present motion seeking to circumvent the Court's prior order and multiply these proceedings without regard to unnecessary burdens created for the Court and Defendants in this matter. The Court therefore finds that the present motion recklessly raised frivolous arguments for an improper purpose. As a result, Plaintiffs' Counsel Nina R. Ringgold is hereby ordered to pay $1,000 in sanctions to the Clerk of Court within 10 days.

ORDER

Plaintiffs' Ex Parte Application is DENIED in its entirety. Plaintiffs' Counsel Nina R. Ringgold is further ordered to pay sanctions in the amount of $1,000 to the Clerk of Court within 10 days for filing the application.

IT IS SO ORDERED.

Dated: February 7, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE