UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA RINGGOLD, et al., | No. 2:12-cv-00717-JAM-JFM |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO VACATE AND FOR OTHER RELIEF** |
| JERRY BROWN, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs' "Motion to Vacate for Disqualification and Intercircuit Assignment; and Other Relief."[1] For the reasons set forth below, Plaintiffs' Motion is denied.

I. PROCEDURAL BACKGROUND AND RELEVANT FILINGS

Plaintiffs are the Law Offices of Nina Ringgold and all current clients thereof. Second Amended Complaint, ECF No. 72, at 1. This Court dismissed the First Amended Complaint, without prejudice, on January 22, 2013. ECF No. 65. Plaintiffs filed a Second Amended Complaint on February 13, 2013, and subsequently

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 16, 2017.

1

appealed the January dismissal, ECF No. 78. The Ninth Circuit dismissed the appeal, taking effect February 4, 2014. ECF Nos. 91 & 92. The case sat for a year and a half before Defendants Jerry Brown, Commission on Judicial Performance of the State of California, and Kamala Harris filed a Motion to Dismiss, which was followed by Defendant Elaine Howle's Motion to Dismiss. ECF Nos. 93 & 99. Plaintiffs did not file any Opposition and this Court granted both Motions to Dismiss with prejudice after considering the merits of each. ECF No. 102 (Nov. 18, 2016).

On October 18, 2016—a full month before the Court dismissed the case—Plaintiffs filed a Request for Appointment of a Three-Judge Court. ECF No. 98. Two days later the Court struck the request, instructing Plaintiffs that a request to the Court by any party must be filed as a properly noticed and served motion with a hearing date. ECF No. 100. Plaintiffs did not refile the Request as the Court instructed.

Plaintiffs subsequently filed the present Motion. ECF No. 104 (Dec. 16, 2016). Defendants filed timely Oppositions. ECF No. 112 & 113. Plaintiffs' Reply was due May 9, 2017. Plaintiffs filed a Declaration omitted from their Motion due to "an error in conversion" on May 10, 2017. ECF No. 115. Plaintiffs then filed their Reply, Request for Judicial Notice, Exhibits, and Opposition to Defendants' Request for Judicial Notice on May 11, 2017. ECF Nos. 116, 117, & 118.

"Not less than seven (7) days preceding the date of hearing, the moving party may serve and file a reply to any opposition filed by a responding party." L. R. 230(d). The hearing on this matter was set for May 16, 2017. Plaintiffs filed their Reply

two days after the deadline, without seeking the Court's leave for late filing. The Court, therefore, has not considered Plaintiffs' Reply or accompanying documents.

The Court also declines to consider Plaintiffs' late-filed Declaration. The Declaration repeats the arguments in Plaintiffs' Motion and does not add facts beyond those already included in the other Declaration and Exhibits that were submitted with the Motion. See ECF Nos. 105 & 106. Furthermore, Plaintiffs' Motion contains no citations to the missing Declaration, but only cites the timely-filed Exhibits.

## II. OPINION

### A. Legal Standard

Plaintiffs bring their motion to vacate under Federal Rules of Civil Procedure 52, 54, 59, and 60.[2] Mot. at 6. Plaintiffs request an order vacating the final judgment in this case, vacating all orders rendered by this assigned Judge, disqualifying this Court from deciding this case, and referring the case to the Chief Judge of the Circuit for the appointment of a three judge court. Mot. at 1. Apart from these requests, the motion does not specifically seek additional findings or amendment of a Court order.

Under Rule 52(b), a party may file a motion for amended or additional findings within 28 days after the entry of judgment. Upon such motion, the Court may amend its findings—or make

---

[2] All further references to Rules are to the Federal Rules of Civil Procedure.

additional findings—and may amend a judgment accordingly.  As is permitted under Rule 52(a)(3), the Court granted Defendants' Motions to Dismiss, with prejudice, without stating findings or conclusions.  ECF No. 102.  Plaintiffs' request makes plain that they seek an order vacating that judgment, not an amended judgment or additional findings and conclusions.  Plaintiffs cite no authority indicating that Rule 52(b) is a vehicle for vacating the judgment or other orders in these circumstances.  Rule 52(b) is inapplicable.

Plaintiffs also cite Rule 54(b) for the proposition that the Court may reconsider non-final judgments.  However, the Rule states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time <u>before the entry of a judgment</u> adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b) (emphasis added).  The Court entered judgment by its Order on November 18, 2016.  Therefore, this rule cannot provide Plaintiffs the relief they seek.

Rules 59 and 60 are more suited to Plaintiffs' request.  Under Rule 59(e), a party may file a motion to alter or amend the judgment within twenty-eight days of the judgment order.  Plaintiffs filed their Motion twenty-eight days after judgment order and thus met the deadline.  Relief under this Rule is limited, however.  "Since specific grounds for a motion to amend or alter are not listed in [Rule 59(e)], the district court enjoys considerable discretion in granting or denying the

motion." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted). "[A]mending a judgment after its entry remains an extraordinary remedy which should be used sparingly." Id. (citation and quotation marks omitted). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Id. The motion "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original).

Rule 60 also provides an avenue to challenge a final judgment or order. "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason

that justifies relief." Plaintiffs cite Rule 60(b) broadly in delineating the "Legal Standard," but only specifically reference Rule 60 (b)(5) and (6) in their argument; even then, Plaintiffs only provide a legal basis for vacating judgment under Rule 60(b)(6). Plaintiffs do not explain how Rule 60(b)(5) would apply in this case and the Court does not discern a basis for vacating under that subsection. This Order, therefore, evaluates the merits only under Rule 60(b)(6).

B. Analysis

Plaintiffs ask the Court to vacate its final judgment in this case because the assigned Judge should be disqualified under 28 U.S.C. § 455 and because the Court lacked authority to strike Plaintiffs' request for a three judge court.

1. Disqualification

Federal law provides two means by which a judge may be disqualified from a case. Under 28 U.S.C. § 144 a party may file an "affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party[.]" If the affidavit is legally sufficient then the motion must be referred to another judge to determine the merits. Id. In contrast, 28 U.S.C. § 455 imposes an obligation on the judge sitting on the case to recuse himself in any proceeding in which his impartiality might reasonably be questioned or if he is aware of grounds for recusal under § 455(b), whether or not a party files an affidavit. U.S. v. Sibla, 624 F.2d 864, 868 (1980).

Plaintiffs make their motion under § 455 and not § 144. Thus, Plaintiffs are not entitled to have the matter referred to a different judge, see Sibla, 624 F.2d at 868, much less the intercircuit panel Plaintiffs request, Mot. at 8. Still, Plaintiffs' motion should "prompt the judge to whom the motion is directed to determine independently whether all the circumstances call for recusal under the self-enforcing provisions of § 455(a) & (b)(1), a matter which rests within the sound discretion of the judge." Id. at 868.

Although § 455 does not authorize the reopening of closed litigation, a court may vacate judgment for a violation of § 455(a) under the procedure provided by Rule 60(b). Liljeberg v. Health Serv. Acquisition Corp., 486 U.S. 847, 863 (1988). The Supreme Court has determined that Rule 60(b)(6), in particular, may provide an appropriate remedy for such violations. Id. at 863–64. The Rule "provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice," but it "should only be applied in extraordinary circumstances." Id. (citations and quotation marks omitted). "[I]n determining whether a judgment should be vacated for a violation of § 455(a), it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." Id. at 864.

Defendant Howle argues that this motion is untimely because Plaintiffs could have raised the issue prior to judgment. See Howle Opp. at 6. The Court is also skeptical of Plaintiffs'

ignorance of the facts now raised.  Indeed, Plaintiffs' Request
for Appointment of a Three Judge Court demonstrates that they
were concerned that "a substantial number of federal judges in
this court and Circuit have direct financial and general
interests in the case due to the fact that they were former state
judges."  ECF No. 98 at 2.  Plaintiffs filed that request a full
month before entry of judgment.  Although Plaintiffs argue that
they were not under a duty to investigate the Judge's background,
they do not attest that they were not aware of this Court's
former employment prior to entry of judgment.[3]  However, because
this Court takes its responsibility under § 455(a) seriously, it
will address Plaintiffs' concern irrespective of timeliness.

    Recusal is not warranted or appropriate.  Neither this Judge
nor his family has an interest, financial or otherwise, in the
outcome of the litigation.  Despite Plaintiffs' argument to the
contrary, this Judge is no longer employed by or receiving
benefits from the Superior Court of California and/or Sacramento
County and has not for a number of years. This Judge resigned
from the Sacramento County Superior Court in April, 2008 upon his
appointment to this Federal District Court. In response to
Plaintiffs' specific allegations, this Judge has absolutely no
interest in continued benefit payments from his past employment
as a Superior Court Judge and no interest in the fines and
penalties prayed for by Plaintiffs under the California Political
Reform Act.  Further, although Plaintiffs vaguely refer to this

---

[3] Even Plaintiffs' untimely Declaration fails to assert such a fact concretely.  ECF No. 115-1 at ¶ 5a ("Plaintiffs did not have an obligation to investigate the judge and did not initiate any investigation of the judge[.]").

8

Judge's "personal knowledge of disputed evidentiary facts concerning the proceedings," Mot. at 10, this Judge is unaware of any such facts. The Court also does not find the Recusal Orders Plaintiffs cite helpful. See Plaintiffs' Exhibits Vol. 1, Exh. 13. The exhibits do not indicate the substance or details of the complaint in those matters or the remedy sought. Moreover, there is no information that would enable the Court to determine whether those particular district judges were similarly situated to this Judge at this time. The Court, after viewing the issues in this case and considering its own situation, is fully satisfied that Rule 60 is not implicated. For the same reasons, there has been no Due Process violation. See Mot. at 5-6; 11. The Court need not and will not vacate its final judgment or any other order on this basis.

### 2. Request for a Three Judge Court

Plaintiffs argue that the Court lacked authority to strike Plaintiffs' request for a three judge court and that this act, too, is grounds to vacate the Court's judgment. Mot. at 11-12. Plaintiffs claim the strike was a "prejudicial error." Mot. at 11. The Court does not find, however, that any prejudice or injustice flowed from that ruling. The Court struck Plaintiffs' request on October 20, 2016, and instructed that any such request must be filed as a motion. ECF No. 100. Plaintiffs had nearly a month between that Order and the Court's final judgment to re-file their request as a motion. See ECF No. 102. Furthermore, Plaintiffs failed to file any Opposition to Defendants' Motions to Dismiss, which were due eighteen days before the Court entered

its judgment on the merits.  Even now, Plaintiffs do not dispute the dismissal on the merits.  Plaintiffs own neglect in responding to this Court's order and adhering to standard rules of procedure led to the outcome they now ask the Court, in its discretion, to vacate.  The requested relief is neither required nor justified under either Rule 59(e) or Rule 60(b).

### III.  ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Vacate and for Other Relief.

IT IS SO ORDERED.

Dated: May 18, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE